1

2  Irene Karbelashvili, State Bar Number 232223
   Law Office of Irene Karbelashvili
3  12 South First Street, Suite 413
   San Jose, CA 95113
4  Telephone: (408) 295-0137
   Fax: (408) 295-0142
5

6  Kenneth J. Pinto, State Bar Number 221422
   Law Office of Kenneth J. Pinto
7  12 South First Street, Suite 713
   San Jose, CA 95113
8  Telephone: (408) 289-1765
   Fax: (408) 289-1754
9

10 Attorneys for RICHARD JOHNSON, Plaintiff

11                **UNITED STATES DISTRICT COURT**
                  **NORTHERN DISTRICT OF CALIFORNIA**
12

13 ┌─────────────────────────────────

14 RICHARD JOHNSON,               )   Case No. Case No. CV13-01414 LHK
                  Plaintiff,     )
15                               )   **THIRD AMENDED COMPLAINT**
   vs.                           )   **FOR PRELIMINARY AND**
16                               )   **PERMANENT INJUNCTIVE**
   BLOSSOM HILL PAVILION, L.P., a )   **RELIEF AND DAMAGES:**
17 California partnership, JAMBA JUICE )   **DENIAL OF CIVIL RIGHTS AND**
   COMPANY, a California company, d/b/a )   **ACCESS TO PUBLIC**
18 JAMBA JUICE, PIER 1 IMPORTS, INC., )   **FACILITIES TO PHYSICALLY**
   a Delaware corporation, d/b/a PIER 1 )   **DISABLED PERSONS, PER**
19 IMPORTS, STARBUCKS             )   **FEDERAL AND CALIFORNIA**
   CORPORATION, a Washington     )   **STATUTES (INCLUDING CIVIL**
20 corporation, d/b/a STARBUCKS, and )   **CODE §§ 51, 52, 54, 54.1, 54.3,**
   DOES 1-20 inclusive,          )   **AND § 55; AND HEALTH &**
21                  Defendants.  )   **SAFETY CODE §§ 19955 ET**
22                               )   **SEQ.); INJUNCTIVE RELIEF**
                                 )   **PER TITLE III, AMERICANS**
23                               )   **WITH DISABILITIES ACT OF**
                                 )   **1990**
24
                                 )
25 ─────────────────────────────────

26

27 Third Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to
   Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1,
   54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of
28                                          1990
                                   Case No. CV13-01414 LHK

# I. SUMMARY

1. This is a civil rights action by plaintiff Richard Johnson ("Johnson") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complexes known as:

- Blossom Hill Pavilion Mall

624-640 Blossom Hill Road

Los Gatos, California 95032

(hereinafter the "Mall")

- Jamba Juice

628 Blossom Hill Road

Los Gatos, California 95032

(hereinafter "Jamba Juice Facility")

- Pier 1 Imports

636 Blossom Hill Road

Los Gatos, California 95032

(hereinafter "Pier 1 Imports Facility")

- Starbucks

624 Blossom Hill Road

Los Gatos, California 95032

(hereinafter "Starbucks Facility")

(collectively, "Facilities")

Third Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Case No. CV13-01414 LHK

Page 2 of 31

2. Pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§12101*et seq.),* and related California statutes, Johnson seeks damages, injunctive and declaratory relief, and attorney fees and costs, against:

- Blossom Hill Pavilion, L.P., a California partnership, (hereinafter the "Blossom Hill Pavilion Defendants").
- Jamba Juice Company, a California company, d/b/a Jamba Juice, (hereinafter the "Jamba Juice Defendants");
- Pier 1 Imports, Inc., a Delaware corporation, d/b/a Pier 1 Imports, (hereinafter the "Pier 1 Imports Defendants";
- Starbucks Corporation, a Washington corporation, d/b/a Starbucks (hereinafter the "Starbucks Defendants");
- DOES 1-20, inclusive (hereinafter the "DOES 1-20 Defendants").

## II. JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law, arising from the same nucleus of operative facts, is predicated on 28 U.S.C. § 1367.

5. Johnson's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III. VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Northern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV. PARTIES

7. The Blossom Hill Pavilion Defendants own, operate, manage, and/or lease the Starbucks Facility, and consist of a person (or persons), firm, and/or corporation.

Third Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Case No. CV13-01414 LHK

8. The Jamba Juice Defendants own, operate, manage, and/or lease the Jamba Juice Facility, and consist of a person (or persons), firm, and/or corporation.

9. The Pier 1 Imports Defendants own, operate, manage, and/or lease the Pier 1 Imports Facility, and consist of a person (or persons), firm, and/or corporation.

10. The Starbucks Defendants own, operate, manage, and/or lease the Mall, and consist of a person (or persons), firm, and/or corporation.

11. DOES 1-20 Defendants own, operate, manage, and/or lease the Facilities, and consist of a person (or persons), firm, and/or corporation. The true names and capacities of Defendants DOES 1 through 20, inclusive, are unknown to Plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes that each of the defendants herein designated as a DOE is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to Plaintiff; Plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

12. Plaintiff is informed and believes that each of the Defendants, DOES 1through 20 inclusive  is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

13. Johnson is a paraplegic who is unable to walk or stand, and requires the use of a wheelchair when traveling about in public. Johnson possesses a DMV issued disabled parking placard and is entitled to park in disabled accessible parking spaces, including van accessible

---

Third Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Case No. CV13-01414 LHK

parking spaces, and to travel on and along public paths of travel between such parking facilities and areas to which the general public is invited. He is also entitled to fully accessible facilities with the public areas of the subject strip mall. Consequently, Johnson is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws. Plaintiff is, and at all times relevant hereto was, a resident of California.

## V. FACTS

14. The Mall is a sales or retail establishment as defined under Title III of the ADA, 42 U.S.C. § 121817(B) and (E) and California civil rights laws. Cal. Civ. Code § 51 *et seq.,* and Health & Safety Code § 19955 *et seq.* The Mall is open to the public, intended for nonresidential use and its operation affects commerce.

15. The Jamba Juice Facility is a sales or retail establishment as defined under Title III of the ADA, 42 U.S.C. § 121817(B), and California civil rights laws. Cal. Civ. Code § § 51 *et seq.,* and Health & Safety Code § 19955 *et seq.* The Jamba Juice Facility is open to the public, intended for nonresidential use and its operation affects commerce.

16. The Pier 1 Imports Facility is a sales or retail establishment as defined under Title III of the ADA, 42 U.S.C. § 121817(E) and California civil rights laws. Cal. Civ. Code § § 51 *et seq.,* and Health & Safety Code § 19955 *et seq.* The Pier 1 Imports Facility is open to the public, intended for nonresidential use and its operation affects commerce.

17. The Starbucks Facility is a sales or retail establishment as defined under Title III of the ADA, 42 U.S.C. § 121817 (B) and California civil rights laws. Cal. Civ. Code § § 51 *et seq.,* and Health & Safety Code § 19955 *et seq.* The Starbucks Facility is open to the public, intended for non-residential use and its operation affects commerce.

18. Johnson visited the Facilities and encountered barriers (both physical and intangible) that interfered with--if not outright denied--his ability to use and enjoy the goods, services, privileges, and accommodations offered at all of the Facilities.

19. To the extent known by Johnson, the barriers at the Mall included, but are not

Third Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Case No. CV13-01414 LHK

Page 5 of 31

limited to, the following:

- Tow away signs at driveways are missing;
- Tow away signage at other driveway is lacking requested information;
- Ramp at Los Gatos Blvd is lacking railing (over 72" long);
- All parking signs are lacking requested information ($250 fine);
- There are no directional signage throughout the center;

These barriers prevented Johnson from enjoying full and equal access at the Starbucks Facility.

20. Johnson was also deterred from visiting the Mall because he knew that the Mall's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Mall because of the future threats of injury created by these barriers.

21. To the extent known by Johnson, the barriers at the Jamba Juice Facility included, but are not limited to, the following:

- Curb ramp does not differ in color than side walk;
- Curb ramp has no truncated domes ;
- Curb ramp has swell  of 6.3% over the 5% limit;
- Curb ramp has side slope of 13.1% over the 10% limit;
- Access aisle slope at 2.4% over 2% limit;
- Access aisle parking strips are white instead of blue;
- Access aisle has no 'No parking" lettering to prevent people from parking;
- Path has vertical changes 1" deep 5" wide;
- The outside seating has no disabled seating;
- Inside tables are not ADA;
- There is no ADA bathroom and no directional signage to alternative;
- Counter is not free of objects for a space 36" wide by depth of counter deep;
- Doors has no ADA signs;
- Fridge (self service) reach ranges are high and there is no signage offering assistance;

Third Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Case No. CV13-01414 LHK

Page 6 of 31

1

- The main door has no 10" smooth uninterrupted bottom part (door stop);

2

These barriers prevented Johnson from enjoying full and equal access at the Jamba Juice

3

Facility

4

22. Johnson was also deterred from visiting the Jamba Juice Facility because he knew that

5

the Jamba Juice Facility's goods, services, facilities, privileges, advantages, and accommodations

6

were unavailable to physically disabled patrons (such as himself). He continues to be deterred

7

from visiting the Jamba Juice Facility because of the future threats of injury created by these

barriers.

8

23. To the extent known by Johnson, the barriers at the Pier 1 Imports Facility included,

9

but are not limited to, the following:

10

- Access aisle parking strips are white instead of blue;

11

- Parking slopes 3.3% over 2%;

12

- Access aisle has no 'No parking" lettering to prevent people from parking;

13

- Next to ramp path has gabs in concrete over ½";

14

- Curb ramp does not differ in color than sidewalk;

15

- Curb ramp has no truncated domes;

16

- Curb ramp has slope of 9.2% over the 8.33% limit;

17

- Curb ramp has side slope of 18.1% over the 10% limit;

- Path of travel (sidewalk) between Pier 1 Imports and Starbucks has vertical gabs 4" wide,

18

1.75" deep;

19

- Curb ramp at Pier 1 Imports and Starbucks has no Truncated domes;

20

These barriers prevented Johnson from enjoying full and equal access at the Pier 1

21

Imports Facility.

22

24. Johnson was also deterred from visiting the Pier 1 Imports Facility because he

23

knew that the Pier 1 Imports Facility's goods, services, facilities, privileges, advantages, and

24

accommodations were unavailable to physically disabled patrons (such as himself). He

25

continues to be deterred from visiting the Pier 1 Imports Facility because of the future threats

26

of injury created by these barriers.

27

Third Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Case No. CV13-01414 LHK

28

25. To the extent known by Johnson, the barriers at the Starbucks Facility included, but are not limited to, the following:

- Curb ramp has swell of 5.5% over the 5% limit;
- Access aisle parking strips are white instead of blue;
- Access aisle has no 'No parking" lettering to prevent people from parking;
- Parking slope at 2.5% over 2% max.;
- Curb has side slope of 11.5% over the 10% limit;
- Curb ramp does not differ in color than side walk;
- Path of travel has gabs 1" wide, 1" deep;
- The door has no disability sign;
- Grate parking has 1" openings over ½" max.;
- Starbucks bathroom door has no Braille signage;
- WC at Starbucks is 19" away from wall (should be 18")
- Starbucks bathroom Toilet paper is not within 7-9" from WC and at 43" away from back wall;
- Bathroom – a garbage can blocks door clearance;
- The door to patio is very heavy;
- Starbucks ADA tables are not identified by an ADA sign

These barriers prevented Johnson from enjoying full and equal access at the Starbucks Facility.

26. Johnson was also deterred from visiting the Starbucks Facility because he knew that the Starbucks Facility's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Starbucks Facility because of the future threats of injury created by these barriers.

27. Johnson also encountered barriers at the Facilities which violate state and federal law, but were unrelated to his disability. Nothing within this Complaint, however, should be construed as an allegation that Johnson is seeking to remove barriers unrelated to his disability.

Third Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Case No. CV13-01414 LHK

Page 8 of 31

28. The Blossom Hill Pavilion Defendants knew that these elements and areas of the Mall were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, the Blossom Hill Pavilion Defendants have the financial resources to remove these barriers from the Mall (without much difficulty or expense), and make the Mall accessible to the physically disabled. To date, however, the Blossom Hill pavilion Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

29. At all relevant times, the Blossom Hill Pavilion Defendants have possessed and enjoyed sufficient control and authority to modify the Mall to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. The Blossom Hill Pavilion Defendants have not removed such impediments and have not modified the Mall to conform to accessibility standards.

30. The Jamba Juice Defendants knew that these elements and areas of the Jamba Juice Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, the Jamba Juice Defendants have the financial resources to remove these barriers from the Jamba Juice Facility (without much difficulty or expense), and make the Jamba Juice Facility accessible to the physically disabled. To date, however, the Jamba Juice Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

31. At all relevant times, the Jamba Juice Defendants have possessed and enjoyed sufficient control and authority to modify the Jamba Juice Facility to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. The Jamba Juice Defendants have not removed such impediments and have not modified the Jamba Juice Facility to conform to accessibility standards.

32. The Pier 1 Imports Defendants knew that these elements and areas of the Pier 1 Imports Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, the Pier 1 Imports Defendants have the financial

Third Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Case No. CV13-01414 LHK

Page 9 of 31

resources to remove these barriers from the Pier 1 Imports Facility (without much difficulty or expense), and make the Pier 1 Imports Facility accessible to the physically disabled. To date, however, the Pier 1 Imports Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

33. At all relevant times, the Pier 1 Imports Defendants have possessed and enjoyed sufficient control and authority to modify the Pier 1 Imports Facility to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. The Pier 1 Imports Defendants have not removed such impediments and have not modified the Pier 1 Imports Facility to conform to accessibility standards.

34. The Starbucks Defendants knew that these elements and areas of the Starbucks Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, the Starbucks Defendants have the financial resources to remove these barriers from the Starbucks Facility (without much difficulty or expense), and make the Starbucks Facility accessible to the physically disabled. To date, however, the Starbucks Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

35. At all relevant times, the Starbucks Defendants have possessed and enjoyed sufficient control and authority to modify the Starbucks Facility to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. The Starbucks Defendants have not removed such impediments and have not modified the Starbucks Facility to conform to accessibility standards.

## VI. FIRST CLAIM

### Americans with Disabilities Act of 1990
### *Denial of "Full and Equal" Enjoyment and Use*
### (The Blossom Hill Pavilion Defendants)

36. Johnson incorporates the allegations contained in paragraphs 1 through 35 for this claim.

Third Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Case No. CV13-01414 LHK

37. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

38. The Blossom Hill Pavilion Defendants discriminated against Johnson by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Starbucks Facility during each visit and each incident of deterrence.

### *Failure to Remove Architectural Barriers in an Existing Facility*

39. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." *Id.* § 12181(9).

40. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. *Id.* § 12182(b)(2)(A)(v).

41. Here, Johnson alleges that the Blossom Hill Pavilion Defendants can easily remove the architectural barriers at the Mall without much difficulty or expense, and that the Starbucks Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

42. In the alternative, if it was not "readily achievable" for the Blossom Hill Pavilion Defendants to remove the Mall's barriers, then the Blossom Hill Pavilion Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### *Failure to Design and Construct an Accessible Facility*

43. On information and belief, the Mall was designed or constructed (or both) after January 26, 1992-independently triggering access requirements under Title III of the ADA.

Third Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Case No. CV13-01414 LHK

44. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

45. Here, the Blossom Hill Pavilion Defendants violated the ADA by designing or constructing (or both) the Mall in a manner that was not readily accessible to the physically disabled public, including Johnson, when it was structurally practical to do so.

### *Failure to Make an Altered Facility Accessible*

46. On information and belief, the Mall was modified after January 26, 1992, independently triggering access requirements under the ADA.

47. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. *Id.*

48. Here, the Blossom Hill Pavilion Defendants altered the Mall in a manner that violated the ADA and was not readily accessible to the physically disabled public, including Johnson, to the maximum extent feasible.

### *Failure to Modify Existing Policies and Procedures*

49. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

50. Here, the Blossom Hill Pavilion Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Mall, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

51. Johnson seeks all relief available under the ADA (*i.e.,* injunctive relief, attorney

Third Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Case No. CV13-01414 LHK

Page 12 of 31

1   fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

2       52. Johnson also seeks a finding from this Court (*i.e.,* declaratory relief) that the

3   Blossom Hill Pavilion Defendants violated the ADA in order to pursue damages under

4   California's Unruh Civil Rights Act or Disabled Persons Act.

5

6                          **VII. SECOND CLAIM**
                          **Disabled Persons Act**
7              **(The Blossom Hill Pavilion Defendants)**

8       53. Johnson incorporates the allegations contained in paragraphs 1 through 52 for this

9   claim.

10      54. The Mall is a place of public accommodation and/or places to which the general

11  public is invited and, as such, they are obligated to comply with the provisions of the

    California Disabled Persons Act ("CDPA"), California Civil Code  § 54 *et seq.*

12      55. The CDPA guarantees, inter alia, that persons with disabilities have the same right

13  as the general public to the full and free use of the streets, highways, sidewalks, walkways,

14  public buildings, public facilities, and other public places. California Civil Code § 54.

15      56. The CDPA also guarantees, inter alia, that persons with disabilities are entitled to

16  full and equal access, as other members of the general public, to accommodations, advantages,

17  facilities, and privileges of covered entities. California Civil Code  § 54.1(a)(1).

18      57. The CDPA also provides that a violation of the ADA is *a per se* violation of CDPA,

19  California Civil Code  § 54.1(d).

20      58. Defendant has violated the CDPA by, inter alia, denying and/or interfering with

21  Plaintiff right to full and equal access as other members of the general public to the

    accommodations, advantages, and its related facilities due to his disability.

22      59. Pursuant to the remedies, procedures, and rights set forth in California Civil Code

23  §§ 54.3 and 55, Plaintiff prays for judgment as set forth below.

24

25

26

27  Third Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to
    Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1,
    54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of
28                                              1990
                                    Case No. CV13-01414 LHK

## VIII. THIRD CLAIM
### Unruh Civil Rights Act
### (The Blossom Hill Pavilion Defendants)

60. Johnson incorporates the allegations contained in paragraphs 1 through 59 for this claim.

61. The Mall is a business establishment and, as such, must comply with the provisions of the Unruh Act, California Civil Code § 51 *et seq.*

62. The Unruh Act guarantees, *inter alia,* that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. California Civil Code § 51(b).

63. The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act. California Civil Code § 51(f).

64. Blossom Hill Pavilion Defendants have violated the Unruh Act by, *inter alia,* denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at the Mall

65. Blossom Hill Pavilion Defendants have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiffs rights to equal access arising from the provisions of the California state accessibility regulations and the ADA.

66. Pursuant to the remedies, procedures, and rights set forth in California Civil Code § 52, Plaintiff prays for judgment as set forth below.

## IX. FOURTH CLAIM
### Denial of Full and Equal Access to Public Facilities
### (The Blossom Hill Pavilion Defendants)

67. Johnson incorporates the allegations contained in paragraphs 1 through 66 for this claim.

68. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of

Third Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Case No. CV13-01414 LHK

Page 14 of 31

1 Government Code § 4450.

2     69. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt)

3 public accommodation constructed prior to July 1, 1970, which is altered or structurally

4 repaired, is required to comply with this chapter.

5     70. Johnson alleges the Mall is a public accommodation constructed, altered, or

6 repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government

7 Code § 4450 (or both), and that the Mall was not exempt under Health and Safety Code §

19956.

8     71. The Blossom Hill Pavilion Defendants' non-compliance with these requirements

9 at the Mall aggrieved (or potentially aggrieved) Johnson and other persons with physical

10 disabilities. Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and

11 Safety Code § 19953.

12

13 **X. FIFTH CLAIM**
**Americans with Disabilities Act of 1990**
14 *Denial of "Full and Equal" Enjoyment and Use*
**(The Jamba Juice Defendants)**

15

16     72. Johnson incorporates the allegations contained in paragraphs 1 through 71 for this

claim.

17     73. Title III of the ADA holds as a "general rule" that no individual shall be

18 discriminated against on the basis of disability in the full and equal enjoyment (or use) of

19 goods, services, facilities, privileges, and accommodations offered by any person who owns,

20 operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

21     74. The Jamba Juice Defendants discriminated against Johnson by denying "full and

22 equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of

23 the Jamba Juice Facility during each visit and each incident of deterrence.

24

25 ***Failure to Remove Architectural Barriers in an Existing Facility***

    75. The ADA specifically prohibits failing to remove architectural barriers, which are

26

27 Third Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Case No. CV13-01414 LHK

28

structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." *Id.* § 12181(9).

76. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. *Id.* § 12182(b)(2)(A)(v).

77. Here, Johnson alleges that the Jamba Juice Defendants can easily remove the architectural barriers at the Jamba Juice Facility without much difficulty or expense, and that the Jamba Juice Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

78. In the alternative, if it was not "readily achievable" for the Jamba Juice Defendants to remove the Jamba Juice Facility's barriers, then the Jamba Juice Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct an Accessible Facility

79. On information and belief, the Jamba Juice Facility was designed or constructed (or both) after January 26, 1992, independently triggering access requirements under Title III of the ADA.

80. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

81. Here, the Jamba Juice Defendants violated the ADA by designing or constructing (or both) the Jamba Juice Facility in a manner that was not readily accessible to the physically disabled public, including Johnson, when it was structurally practical to do so.

### Failure to Make an Altered Facility Accessible

82. On information and belief, the Jamba Juice Facility was modified after January

Third Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Case No. CV13-01414 LHK

26, 1992, independently triggering access requirements under the ADA.

83. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. *Id.*

84. Here, the Jamba Juice Defendants altered the Jamba Juice Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public, including Johnson, to the maximum extent feasible.

### *Failure to Modify Existing Policies and Procedures*

85. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

86. Here, the Jamba Juice Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Jamba Juice Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

87. Johnson seeks all relief available under the ADA (*i.e.,* injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

88. Johnson also seeks a finding from this Court (*i.e.,* declaratory relief) that the Jamba Juice Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

### XI. SIXTH CLAIM
### Disabled Persons Act
### (The Jamba Juice Defendants)

89. Johnson incorporates the allegations contained in paragraphs 1 through 88 for this

Third Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Case No. CV13-01414 LHK

Page 17 of 31

claim.

90. The Jamba Juice Facility is a place of public accommodation and/or places to which the general public is invited and, as such, they are obligated to comply with the provisions of the California Disabled Persons Act ("CDPA"), California Civil Code § 54 *et seq.* 925. The CDPA guarantees, inter alia, that persons with disabilities have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil Code § 54.

91. The CDPA also guarantees, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code § 54.1(a)(1).

92. The CDPA also provides that a violation of the ADA is *a per se* violation of CDPA, California Civil Code § 54.1(d).

93. Jamba Juice Defendants have violated the CDPA by, inter alia, denying and/or interfering with Plaintiff right to full and equal access as other members of the general public to the accommodations, advantages, and its related facilities due to his disability.

94. Pursuant to the remedies, procedures, and rights set forth in California Civil Code §§ 54.3 and 55, Plaintiff prays for judgment as set forth below.

## XII. SEVENTH CLAIM
### Unruh Civil Rights Act
### (The Jamba Juice Defendants)

95. Johnson incorporates the allegations contained in paragraphs 1 through 94 for this claim.

96. The Jamba Juice Facility is a business establishment and, as such, must comply with the provisions of the Unruh Act, California Civil Code § 51 *et seq.*

97. The Unruh Act guarantees, *inter alia,* that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California.

Third Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Case No. CV13-01414 LHK

Page 18 of 31

California Civil Code § 51(b).

98. The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act. California Civil Code § 51(f).

99. Jamba Juice Defendants have violated the Unruh Act by, *inter alia,* denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at the Jamba Juice Facilities.

100. Jamba Juice Defendants have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiffs rights to equal access arising from the provisions of the California state accessibility regulations and the ADA.

101. Pursuant to the remedies, procedures, and rights set forth in California Civil Code § 52, Plaintiff prays for judgment as set forth below.

## XIII. EIGHTH CLAIM
### Denial of Full and Equal Access to Public Facilities
### (The Jamba Juice Defendants)

102. Johnson incorporates the allegations contained in paragraphs 1 through 101 for this claim.

103. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

104. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

105. Johnson alleges the Jamba Juice Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Jamba Juice Facility was not exempt under Health and Safety Code § 19956.

106. The Jamba Juice Defendants' non-compliance with these requirements at the

Third Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Case No. CV13-01414 LHK

Page 19 of 31

Jamba Juice Facility aggrieved (or potentially aggrieved) Johnson and other persons with physical disabilities. Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

### XIV. NINTH CLAIM
**Americans with Disabilities Act of 1990**
*Denial of "Full and Equal" Enjoyment and Use*
**(The Pier 1 Imports Defendants)**

107. Johnson incorporates the allegations contained in paragraphs 1 through 106 for this claim.

108. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

109. The Pier 1 Imports Defendants discriminated against Johnson by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Pier 1 Imports Facility during each visit and each incident of deterrence.

### *Failure to Remove Architectural Barriers in an Existing Facility*

110. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." *Id.* § 12181(9).

111. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. *Id.* § 12182(b)(2)(A)(v).

112. Here, Johnson alleges that the Pier 1 Imports Defendants can easily remove the

Third Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Case No. CV13-01414 LHK

architectural barriers at the Pier 1 Imports Facility without much difficulty or expense, and that the Pier 1 Imports Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

113. In the alternative, if it was not "readily achievable" for the Pier 1 Imports Defendants to remove the Pier 1 Imports Facility's barriers, then the Pier 1 Imports Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### *Failure to Design and Construct an Accessible Facility*

114. On information and belief, the Pier 1 Imports Facility was designed or constructed (or both) after January 26, 1992--independently triggering access requirements under Title III of the ADA.

115. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

116. Here, the Pier 1 Imports Defendants violated the ADA by designing or constructing (or both) the Pier 1 Imports Facility in a manner that was not readily accessible to the physically disabled public, including Johnson, when it was structurally practical to do so.

### *Failure to Make an Altered Facility Accessible*

117. On information and belief, the Pier 1 Imports Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

118. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. *Id.*

119. Here, the Pier 1 Imports Defendants altered the Pier 1 Imports Facility in a

Third Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Case No. CV13-01414 LHK

Page 21 of 31

1   manner that violated the ADA and was not readily accessible to the physically disabled

2   public, including Johnson, to the maximum extent feasible.

3

### Failure to Modify Existing Policies and Procedures

4

5   120. The ADA also requires reasonable modifications in policies, practices, or

    procedures, when necessary to afford such goods, services, facilities, or accommodations to

6   individuals with disabilities, unless the entity can demonstrate that making such

7   modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

8   121. Here, the Pier 1 Imports Defendants violated the ADA by failing to make

9   reasonable modifications in policies, practices, or procedures at the Pier 1 Imports Facility,

10  when these modifications were necessary to afford (and would not fundamentally alter the

    nature of) these goods, services, facilities, or accommodations.

11

12  122. Johnson seeks all relief available under the ADA (*i.e.,* injunctive relief, attorney

    fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

13

14  123. Johnson also seeks a finding from this Court (*i.e.,* declaratory relief) that the Pier

    1 Imports Defendants violated the ADA in order to pursue damages under California's Unruh

15  Civil Rights Act or Disabled Persons Act.

16

17  ### XV. TENTH CLAIM
    **Disabled Persons Act**
18  **(The Pier 1 Imports Defendants)**

19

20  124. Johnson incorporates the allegations contained in paragraphs 1 through 123 for

    this claim.

21

22  125. The Pier 1 Imports Facility is a place of public accommodation and/or places to

    which the general public is invited and, as such, they are obligated to comply with the

23  provisions of the California Disabled Persons Act ("CDPA"), California Civil Code § 54 *et*

24  *seq.*

25  126. The CDPA guarantees, inter alia, that persons with disabilities have the same right

26

27   Third Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to
Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1,
54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of
28                                                          1990
                                              Case No. CV13-01414 LHK

Page 22 of 31

1   as the general public to the full and free use of the streets, highways, sidewalks, walkways,

2   public buildings, public facilities, and other public places. California Civil Code § 54.

3       127. The CDPA also guarantees, inter alia, that persons with disabilities are entitled to

4   full and equal access, as other members of the general public, to accommodations, advantages,

    facilities, and privileges of covered entities. California Civil Code § 54.1(a)(1).

5       128. The CDPA also provides that a violation of the ADA is *a per se* violation of

6   CDPA, California Civil Code § 54.1(d).

7       129. Pier 1 Imports Defendants have violated the CDPA by, inter alia, denying and/or

8   interfering with Plaintiff right to full and equal access as other members of the general public

9   to the accommodations, advantages, and its related facilities due to his disability.

10      130. Pursuant to the remedies, procedures, and rights set forth in California Civil Code

11  §§ 54.3 and 55, Plaintiff prays for judgment as set forth below.

12

13  <center>**XVI. ELEVENTH CLAIM**
**Unruh Civil Rights Act**</center>

14  <center>**(The Pier 1 Imports Defendants)**</center>

15      131. Johnson incorporates the allegations contained in paragraphs 1 through 130 for

16  this claim.

17      132. The Pier 1 Imports Facility is a business establishment and, as such, must

18  comply with the provisions of the Unruh Act, California Civil Code § 51 *et seq.*

19      133. The Unruh Act guarantees, *inter alia,* that persons with disabilities are entitled to

20  full and equal accommodations, advantages, facilities, privileges, or services in all business

21  establishments of every kind whatsoever within the jurisdiction of the State of California.

    California Civil Code § 51(b).

22      134. The Unruh Act also provides that a violation of the ADA, or of California state

23  accessibility regulations, is a violation of the Unruh Act. California Civil Code § 51(f).

24      135. Pier 1 Imports Defendants have violated the Unruh Act by, *inter alia,* denying,

25  or aiding or inciting the denial of, Plaintiff's rights to full and equal use of the

26

27   Third Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to
Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1,
54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of
1990
Case No. CV13-01414 LHK

28

Page 23 of 31

accommodations, advantages, facilities, privileges, or services offered at the Pier 1 Imports Facilities.

136. Pier 1 Imports Defendants have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiffs rights to equal access arising from the provisions of the California state accessibility regulations and the ADA.

137. Pursuant to the remedies, procedures, and rights set forth in California Civil Code § 52, Plaintiff prays for judgment as set forth below.

## XVII. TWELFTH CLAIM
### Denial of Full and Equal Access to Public Facilities
### (The Pier 1 Imports Defendants)

138. Johnson incorporates the allegations contained in paragraphs 1 through 137 for this claim.

139. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

140. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

141. Johnson alleges the Pier 1 Imports Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Pier 1 Imports Facility was not exempt under Health and Safety Code § 19956.

142. The Pier 1 Imports Defendants' non-compliance with these requirements at the Mall Facility aggrieved (or potentially aggrieved) Johnson and other persons with physical disabilities. Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

Third Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Case No. CV13-01414 LHK

Page 24 of 31

1

2

3

# XVIII. THIRTEENTH CLAIM
## Americans with Disabilities Act of 1990
### *Denial of "Full and Equal" Enjoyment and Use*
### (The Starbucks Defendants)

4

5

143. Johnson incorporates the allegations contained in paragraphs 1 through 142 for this claim.

6

7

8

144. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

9

10

11

145. The Starbucks Defendants discriminated against Johnson by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Mall during each visit and each incident of deterrence.

12

*Failure to Remove Architectural Barriers in an Existing Facility*

13

14

15

16

17

146. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." *Id.* § 12181(9).

18

19

20

147. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. *Id.* § 12182(b)(2)(A)(v).

21

22

23

24

148. Here, Johnson alleges that the Starbucks Defendants can easily remove the architectural barriers at the Starbucks Facility without much difficulty or expense, and that the Starbucks Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

25

26

149. In the alternative, if it was not "readily achievable" for the Blossom Hill Pavilion to remove the Starbucks Facility's barriers, then the Starbucks Defendants violated the ADA

Third Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Case No. CV13-01414 LHK

27

28

by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct an Accessible Facility

150. On information and belief, the Starbucks Facility was designed or constructed (or both) after January 26, 1992, independently triggering access requirements under Title III of the ADA.

151. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

152. Here, the Starbucks Defendants violated the ADA by designing or constructing (or both) the Starbucks Facility in a manner that was not readily accessible to the physically disabled public, including Johnson, when it was structurally practical to do so.

### Failure to Make an Altered Facility Accessible

153. On information and belief, the Starbucks Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

154. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. *Id.*

155. Here, the Starbucks Defendants altered the Starbucks Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public, including Johnson, to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

156. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to

Third Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Case No. CV13-01414 LHK

Page 26 of 31

individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

157. Here, the Starbucks Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Starbucks Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

158. Johnson seeks all relief available under the ADA (*i.e.,* injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

159. Johnson also seeks a finding from this Court (*i.e.,* declaratory relief) that the Starbucks Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## XIX. FOURTEENTH CLAIM
### Disabled Persons Act
### (The Starbucks Defendants)

160. Johnson incorporates the allegations contained in paragraphs 1 through 159 for this claim.

161. The Starbucks facility  is a place of public accommodation and/or places to which the general public is invited and, as such, they are obligated to comply with the provisions of the California Disabled Persons Act ("CDPA"), California Civil Code  § 54 *et seq.*

162. The CDPA guarantees, inter alia, that persons with disabilities have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil Code § 54.

163. The CDPA also guarantees, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code  § 54.1(a)(1).

164. The CDPA also provides that a violation of the ADA is *a per se* violation of CDPA, California Civil Code  § 54.1(d).

Third Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Case No. CV13-01414 LHK

Page 27 of 31

165. Starbucks Defendants have violated the CDPA by, inter alia, denying and/or interfering with Plaintiff right to full and equal access as other members of the general public to the accommodations, advantages, and its related facilities due to his disability.

166. Pursuant to the remedies, procedures, and rights set forth in California Civil Code §§ 54.3 and 55, Plaintiff prays for judgment as set forth below.

## XX. FIFTEENTH CLAIM
### Unruh Civil Rights Act
### (The Starbucks Defendants)

167. Johnson incorporates the allegations contained in paragraphs 1 through 166 for this claim.

168. The Starbucks Facility is a business establishment and, as such, must comply with the provisions of the Unruh Act, California Civil Code § 51 et seq.

169. The Unruh Act guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. California Civil Code § 51(b).

170. The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act. California Civil Code § 51(f).

171. Starbucks Defendants have violated the Unruh Act by, inter alia, denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at the Starbucks Facility.

172. Starbucks Defendants have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiffs rights to equal access arising from the provisions of the California state accessibility regulations and the ADA.

173. Pursuant to the remedies, procedures, and rights set forth in California Civil Code § 52, Plaintiff prays for judgment as set forth below.

Third Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Case No. CV13-01414 LHK

Page 28 of 31

## XXI. SIXTEENTH CLAIM
### Denial of Full and Equal Access to Public Facilities
### (The Starbucks Defendants)

174. Johnson incorporates the allegations contained in paragraphs 1 through 173 for this claim.

175. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

176. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

177. Johnson alleges the Starbucks Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Starbucks Facility was not exempt under Health and Safety Code § 19956.

178. Starbucks Defendants' non-compliance  with these requirements at the Starbucks Facility aggrieved (or potentially aggrieved) Johnson and other persons with physical disabilities.  Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## PRAYER FOR RELIEF

WHEREFORE, Johnson prays judgment against the Blossom Hill Pavilion Defendants for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

2. Declaratory relief that the Blossom Hill Pavilion Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California

Third Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Case No. CV13-01414 LHK

Page 29 of 31

1   Civil Code (but not both) according to proof.

2       4. Attorneys' fees, litigation expenses, and costs of suit.

3
4       5. Interest at the legal rate from the date of the filing of this action.

5
6   **PRAYER FOR RELIEF**

    WHEREFORE, Johnson prays judgment against the Jamba Juice Defendants for:

7
8       1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

9       2. Declaratory relief that the Jamba Juice Defendants violated the ADA for the
10  purposes of Unruh Act or Disabled Persons Act damages.

11      3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California
12  Civil Code (but not both) according to proof.

13
14      4. Attorneys' fees, litigation expenses, and costs of suit.

    5. Interest at the legal rate from the date of the filing of this action.
15

16
17  **PRAYER FOR RELIEF**

    WHEREFORE, Johnson prays judgment against the Pier 1 Imports Defendants for:

18
19      1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

20      2. Declaratory relief that the Pier 1 Imports Defendants violated the ADA for the
21  purposes of Unruh Act or Disabled Persons Act damages.

22      3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California
23  Civil Code (but not both) according to proof.

24
25      4. Attorneys' fees, litigation expenses, and costs of suit.

26      5. Interest at the legal rate from the date of the filing of this action.

27  Third Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to
Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1,
54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of
1990
28  Case No. CV13-01414 LHK

## PRAYER FOR RELIEF

WHEREFORE, Johnson prays judgment against the Starbucks Defendants for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

2. Declaratory relief that the Starbucks Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4. Attorneys' fees, litigation expenses, and costs of suit.

5. Interest at the legal rate from the date of the filing of this action.

Dated: 05-21-13

_____
Irene Karbelashvili, Attorney for
Plaintiff Richard Johnson

### DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: 05-21-13

_____
Irene Karbelashvili, Attorney for
Plaintiff Richard Johnson

---

Third Amended Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Case No. CV13-01414 LHK