NOT FOR CITATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RICHARD JOHNSON,

    Plaintiff,

v.

STARBUCKS CORPORATION, a Washington corporation d/b/a STARBUCKS and DOES 1-20,

    Defendant.

Case No. 5:13-cv-01414 HRL

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

[Re: Dkt. 55]

    Plaintiff Richard Johnson says he is a paraplegic who requires a wheelchair for mobility. He sues under Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181, et seq., alleging that architectural barriers at a Starbucks store in Los Gatos, California prevented him from enjoying full and equal access at the facility. He also asserts state law claims for relief.

    Defendant Starbucks Corporation (Starbucks), the sole remaining defendant,[1] now moves for summary judgment on the ground that no barriers exist at the subject store and that there are no ADA violations.[2] As such, Starbucks contends that there is no basis for plaintiff's state law claims

---

[1] The three other named defendants---Blossom Hill Pavilion, LP, Jamba Juice Co., and Pier 1 Imports, Inc.---were voluntarily dismissed with prejudice before this case was reassigned to this court.

[2] On the record presented, it is undisputed that the subject store is a newly-constructed or altered facility that must comply with the ADA Guidelines (ADAAG).

either. Plaintiff opposes the motion. All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court grants the motion in part and denies it in part.[3]

## **LEGAL STANDARD**

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In order to meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses. See Nissan Fire & Marine Ins. Co., Ltd., 210 F.3d at 1102. The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial. See id. A genuine issue of fact is one that could reasonably be resolved in favor of either party. A dispute is "material" only if it could affect the outcome of the suit under the governing law. Anderson, 477 U.S. at 248-49.

"When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting Celotex Corp., 477 U.S. at

---

[3] Plaintiff's objection to the Declaration of Maggie Knight at 1:28-2:3 is sustained, Fed. R. Evid. 802. His objection to 2:6-7 of that same declaration is also sustained, Fed. R. Evid. 701. Plaintiff's objection to the Declaration of Kim Blackseth at 3:6-7 is sustained, Fed. R. Evid. 701. His objections to the Blackseth Declaration are otherwise overruled, Fed. R. Evid. 703.

2

1  325).  Once the moving party meets this burden, the nonmoving party may not rest upon mere
2  allegations or denials, but must present evidence sufficient to demonstrate that there is a genuine
3  issue for trial.  Id.

## DISCUSSION

As discussed, the overarching issue presented in defendant's motion is whether there are any existing violations at the store in question.  The alleged barriers are addressed in turn below.

### A. Directional Signage for Main Customer Entry/Exit Doors

In his Fourth Amended Complaint (FAC), the operative pleading, plaintiff alleges that there is no sign indicating the location of the accessible customer entry/exit doors.  In his opposition, he claims that one of the doors requires directional signage to inform customers visiting from the public right of way (i.e., from Blossom Hill Road) that the door is not an accessible entrance, since the other doors are not clearly visible from this location.  (Atwal Decl. ¶ 11).  Starbucks' expert, Kim Blackseth, points out that each functioning door to the store has an International Symbol of Accessibility sign.  (Blackseth Decl. ¶¶ 9(C), (G) and report pp. 5 and 8).  Plaintiff presents no evidence to the contrary.  As for the Blossom Hill door, Starbucks says that this issue previously was settled with respect to plaintiff's claims against defendant's landlord---an assertion unrefuted by plaintiff.  With respect to these alleged barriers, defendant's summary judgment motion is granted.

### B. Interior and Exterior Door Pressure

Plaintiff claims that the exterior and interior doors[4] require more than 5 lbs. of operating pressure.  Blackseth avers that the store's entry door requires less than 5 lbs. of pressure to operate and, further, that all interior and exterior doors were checked in October 2014 and found compliant.  (Blackseth Decl. ¶¶ 9(D), (H) and report pp. 6, 8).  Measurements taken by plaintiff's expert, Bassam Atwal, over a year beforehand at the parties' August 2013 joint inspection (Atwal Decl. ¶ 12) do not create a genuine issue of material fact precluding summary judgment.  Defendant's summary judgment motion is granted as to this issue.

---

[4] Plaintiff's allegations about the restroom doors are addressed separately, below.

3

**C. Interior Directional Signage**

In his opposition, plaintiff says that defendant should have interior directional signage showing, for example, the location of the restrooms. This allegation will not be addressed because it was not included in the FAC. Oliver v. Ralphs Grocery Co., 654 F.3d 903, 909 (9th Cir. 2011) ("In general, only disclosures of barriers in a properly pleaded complaint can provide such notice; a disclosure made during discovery, including in an expert report, would rarely be an adequate substitute." Thus, "for purposes of Rule 8, a plaintiff must identify the barriers that constitute the grounds for a claim of discrimination under the ADA in the complaint itself; a defendant is not deemed to have fair notice of barriers identified elsewhere."). Moreover, plaintiff acknowledges that such signage is not required by ADAAG, but is merely something he considers a "best practice." As to this alleged barrier, defendant's summary judgment motion is granted.

**D. Main Customer Entry/Exit Doors by the Patio**

**1. Threshold Height**

The FAC alleges that the door threshold is too high, i.e., that it is not a half-inch or less. See ADAAG § 4.13.8 ("Thresholds at doorways shall not exceed 3/4 in (19 mm) in height for exterior sliding doors or 1/2 in (13 mm) for other types of doors. Raised thresholds and floor level changes at accessible doorways shall be beveled with a slope no greater than 1:2."). Blackseth says that the metal base of the threshold measures a half-inch beveled and therefore is compliant. (Blackseth Decl. ¶ 9(E) and report p. 6). There is, however, concrete bedding beneath the metal base. And, according to Atwal, that bedding together with the metal base creates a 1-inch rise at the store's entryway. (Atwal Decl. ¶ 13 and report p. 12). Starbucks has not convincingly demonstrated, as a matter of law, that the threshold measurement properly is limited to the metal base, without taking into account the rise created by the underlying bedding compound.

Defendant nevertheless maintains that the underlying bedding compound is necessary to level depressions in the structural slab. (Blackseth Decl. ¶ 9(E) and report p. 6). There is no apparent dispute that the bedding compound is there to equalize the exterior and interior slabs at the entryway (according to Starbucks, the store's interior floor pad is higher than the exterior slab leading up to the door). However, the parties disagree whether anything can be done about the

4

bedding compound. Blackseth says nothing can be done. (Blackseth Decl. ¶ 9(E) and report p. 6). Atwal, on the other hand, says that the bedding compound "could be easily modified." (Atwal Decl. ¶ 13). Atwal does not offer any solution. Nor does he explain why he believes any modification would be easy. Instead, at oral argument, plaintiff's counsel suggested that the bedding compound could be shaved or ground down to lower the height of the threshold and make the interior and exterior pads "flush." Since no one disputes that the bedding is there to keep the ground level, there is a question in the court's mind whether plaintiff's counsel's proposed "solution" would actually solve anything. Plaintiff says it will. Defendant says removing even a portion of the bedding will make matters worse. However, evidence necessary to properly resolve this issue is lacking here. Indeed, many of the "facts" proffered by the parties as to the ease (or not) of modification of the bedding compound are based largely upon the arguments and assertions of counsel. Summary judgment cannot be granted on that basis. Defendant's motion as to the threshold height therefore is denied.

### 2. Speed of Door Closer

Plaintiff also alleges that the door closes too fast, i.e., in less than 3 seconds. See ADAAG § 4.13.10 ("If a door has a closer, then the sweep period of the closer shall be adjusted so that from an open position of 70 degrees, the door will take at least 3 seconds to move to a point 3 in (75 mm) from the latch, measured to the leading edge of the door."). Blackseth avers that in September 2014 the speed of the door measured 3 seconds from an open position of 70 degrees to a point located 3 inches from the latch. (Blackseth Decl. ¶ 9(F) and report p. 7). Atwal's testimony as to the measurements taken over a year beforehand does not create a genuine issue of material fact precluding summary judgment. Defendant's motion as to this issue is granted.

### E. Reach Ranges and Interior Accessible Route

The FAC takes issue with reach ranges for mounted objects. Blackseth avers that there are no operable parts of objects outside the required reach ranges and that neither the ADA nor the California Building Code cover condiments or merchandise on shelves. (Blackseth Decl. ¶ 9(J) and report p. 9). Plaintiff offers no argument or evidence to the contrary and did not even address this issue in his opposition. Accordingly, defendant's motion for summary judgment is granted as

to the alleged reach range violations.

Plaintiff also claims that the path of travel in the store is less than 36 inches. Blackseth says that the store has a proper 36-inch path of travel from the entry door to the customer service area, to disabled seating, and to the restroom. (Blackseth Decl. ¶ 9(I) and report at pp. 8, 10-11). Plaintiff, however, claims that the path of travel is only 32-inches when occupied chairs are taken into account. (Atwal Decl. ¶ 14). There is no dispute that the chairs and tables at the store are movable and are sometimes moved by patrons depending on their needs or preferences. Starbucks contends that occupied chairs are not architectural barriers, but rather, temporary conditions that do not constitute an ADA violation. Indeed, "the ADA applies to architectural barriers, not temporary or removable obstructions." Kirola v. City & Cnty. of San Francisco, ---F. Supp.3d---, No. C07-3685 SBA, 2014 WL 6705952 at *41 (N.D. Cal., Nov. 26, 2014) (concluding that errant stepstools temporarily misplaced by library patrons are not architectural barriers that prevented the plaintiff from meaningful access to the library); see also Sharp v. Islands Restaurant-Carlsbad, 900 F. Supp.2d 1114, 1127 (S.D. Cal. 2012) (concluding that misplaced chairs blocking a path of travel were not architectural barriers under the ADA); 28 C.F.R. § 36.211(b) (providing that accessibility requirements do "not prohibit isolated or temporary interruptions in service or access due to maintenance or repairs."). Starbuck's motion as to this alleged barrier is granted.

**F. Interior Cash Counters**

Plaintiff claims that the counters are less than 36-inches wide due to the placement of display items. (Atwal Decl. ¶ 17 and report p. 23). However, he cites no regulations or authority requiring defendant to keep the counter clear of such items in order to be compliant. Defendant's motion for summary judgment is granted as to this issue.

**G. Table Seating Area**

Plaintiff complains that interior ADA tables are not marked with the symbol of accessibility, but he fails to address defendant's arguments that there is no such requirement under the ADA. (Blackseth Decl. ¶ 9(L) and report p. 11). Defendant's summary judgment motion is granted as to this issue.

6

### H. Customer Restrooms

With respect to the alleged lack of tactile signage, defendant's summary judgment motion is granted. Defendant says that the restrooms have tactile and Braille signage. (Blackseth Decl. ¶ 9(M) and report p. 12). Plaintiff offers no evidence to the contrary and did not even address this issue in his opposition. In any event, since plaintiff does not claim a vision-related disability, he has no standing to sue for this alleged violation. Chapman v. Pier 1 Imports (U.S.), Inc., 631 F.3d 939, 949 (9th Cir. 2011) ("Article III, however, requires a sufficient showing of likely injury in the future related to the plaintiff's disability to ensure that injunctive relief will vindicate the rights of the particular plaintiff rather than the rights of third parties.").

Defendant's motion for summary judgment is also granted as to the restroom door pressure. Fire doors are permitted to have a greater amount of operating pressure. See Kirola, --- F. Supp.3d---, 2014 WL 6705952 at *29. Plaintiff has not refuted Starbuck's assertion that the California Building Code and the San Jose fire code require the store to maintain a fire-rated restroom door with up to 15 lbs. of operating pressure. See ADAAG § 4.13.11(1) ("Fire doors shall have the minimum opening force allowable by the appropriate administrative authority."); California Building Code § 1133B.2.5(1) ("Required fire doors shall have the minimum opening force allowable by the appropriate administrative authority, not to exceed 15 lbs (66.7N)."); see also (Blackseth Decl. ¶ 9(N) and report p. 12).

Defendant's summary judgment motion is granted as to the restroom floor space because the trash can is a movable object, not an architectural barrier. Kirola, ---F. Supp.3d---, 2014 WL 6705952 at *41.

Defendant's summary judgment motion is granted as to the side grab bar. Defendant says that the bar is mounted 33 inches above the top gripping surface as permitted by ADA § 609.4 and California Building Code § 11B-609.4. (Blackseth Decl. ¶ 9(P) and report p. 14). Plaintiff offers no evidence to the contrary and did not even address this item in his opposition.

As for the side wall grab bar, defendant says that the clearance between the bar and the adjacent wall is 1.5 inches and, indeed, that the bar is manufactured with a 1.5-inch clearance, so no deviation is possible. (Blackseth Decl. ¶ 9(Q) and report pp. 14-15). See ADAAG § 4.26.2

7

1   ("If handrails or grab bars are mounted adjacent to a wall, the space between the wall and the grab

2   bar shall be 1-1/2 in (38 mm)."). Plaintiff's contentions and arguments offered in opposition are

3   confusing, at best. He says that that the space between the bar and the adjacent wall is only 1.25

4   inches, but also says that Blackseth is correct that the space between the bar and the adjacent wall

5   is 1.5 inches. (Atwal Decl. ¶ 20). Atwal also says that the bar is only 1.25 inches from the top of

6   the toilet (id.), but plaintiff does not explain why that measurement matters or what, if anything, it

7   has to do with the alleged violation with respect to clearance from the adjacent wall. Defendant's

8   summary judgment motion is granted as to the side wall grab bar.

9       Defendant's summary judgment motion is granted as to the toilet tissue dispenser.

10   Defendant says that the toilet tissue dispenser is 9 inches in front of the dispenser and 19 inches

11   high. (Blackseth Decl. ¶ 9(S) and report p. 15). Plaintiff offers no evidence to the contrary and

12   did not even address this item in his opposition.

13       As for the centerline of the toilet, there is no dispute that it is 18.5 inches from the

14   sidewall, which represents a half-inch deviation over the 18-inch maximum. Starbucks maintains

15   that the deviation is de minimis, while plaintiff contends that an 18-inch maximum means exactly

16   that: 18-inches and no more. Starbucks has cited no authority addressing what discretion, if any,

17   this court has to determine what constitutes a "de minimis" violation and what does not.

18   Blackseth indeed avers that the half-inch deviation is de minimis and can have no effect on

19   plaintiff's access. (See Blackseth Decl. ¶ 9(R)). However, in his report, Blackseth appeared to

20   recommend corrective action to "[p]rovide the centerline of the toilet between 17" to 18" from the

21   adjacent wall." (Blackseth report at p. 15).[5] On this record, summary judgment cannot be granted

22   as to this issue.

23   **I.  State Law Claims**

24       Because some of plaintiff's ADA claims remain, defendants' motion as to his state law

25   claims is denied.

---

[5] By contrast, in other portions of his report, if Blackseth determined that no correction was needed, the report states, "No action required."

8

**ORDER**

Based on the foregoing, defendants' motion for summary judgment is granted in part and denied in part.  SO ORDERED.

Dated:   February 27, 2015

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:13-cv-01414-HRL Notice has been electronically mailed to:

Adam C. Dawson     adawson@fbm.com, calendar@fbm.com, lcoles@fbm.com

Irene Lenislav Karbelashvili     irene@irenelawoffice.com

Kenneth Joseph Pinto     kenpinto1@yahoo.com

Shane Singh     Shane.Singh@lewisbrisbois.com, Anne.French@lewisbrisbois.com, Jeremy.Fallin@lewisbrisbois.com

Todd Kenneth Boyer     tboyer@littler.com, ajordan@littler.com, ebond@littler.com, pbridges@littler.com